EAG:PTH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - --X



IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE
DISCLOSURE OF LOCATION DATA
RELATING TO A SPECIFIED WIRELESS
TELEPHONE

**FILED UNDER SEAL**

AFFIDAVIT IN SUPPORT OF
APPLICATION
(Fed. R. Crim. P. 41; T. 18, U.S.C.,
§§ 2703(c)(1)(A), 3103a and 3117;
T. 28, U.S.C., § 1651(a))

- - - - - - - - - - - - - - --X

EASTERN DISTRICT OF NEW YORK, SS:

   I, Christopher Campbell, being first duly sworn, hereby depose and state as follows:

   1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 470-525-1290 used by MALIEK RAMSEY, also known as "Squinge," (the "SUBJECT TELEPHONE"), whose wireless telephone service provider is AT&T Wireless (the "Service Provider"). The SUBJECT TELEPHONE is described herein and in Attachment A, and the location information to be seized is described herein and Attachment B.

   2. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been employed by the FBI for approximately nineteen years, fifteen of which I have been a special agent.  For approximately ten years, I was responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for racketeering activity, including murder, attempted murder, assault, and robbery.  I have

1

participated in numerous investigations involving search warrants, including the execution of search warrants on internet sites, and arrest warrants.  As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

       3.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  Because the purpose of this affidavit is limited to demonstrating probable cause for the requested warrant, it does not set forth all of my knowledge about this matter.  In addition, when I rely on statements made by others, such statements are set forth only in part and in substance unless otherwise indicated.

       4.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that MALIEK RAMSEY, also known as "Squinge," and others violated 18 U.S.C. § 1962(d) (racketeering conspiracy) and 18 U.S.C. § 1513 (retaliation murder of an informant) in the Eastern District of New York and elsewhere. There is also probable cause to believe that MALIEK RAMSEY has used, and is currently using, the SUBJECT TELEPHONE while avoiding his arrest for that offense.  There is therefore probable cause to believe that the location information, including but not limited to E-911 Phase II data (or other precise location information) concerning the SUBJECT TELEPHONE (the "REQUESTED INFORMATION"),[1] as described in Attachment B, will lead to the arrest of MALIEK RAMSEY.

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the SUBJECT TELEPHONE at the start and

**PROBABLE CAUSE**

5.      On October 14, 2015, a grand jury in the Eastern District of New York returned a sealed indictment charging MALIEK RAMSEY and another defendant with the retaliation murder of an informant, in violation of 18 U.S.C. § 1513, and the Honorable Roanne L. Mann issued a warrant for RAMSEY's arrest.   The sealed indictment and arrest warrant are attached as Exhibits A and B, respectively, and are incorporated herein by reference.

6.      There is probable cause to believe that RAMSEY has used the SUBJECT TELEPHONE and continues to use it.   RAMSEY is a longtime and loyal member of the Eight Trey Crips gang, a Crips set – or group – that operates in New York and North Carolina, among other states, and is responsible for numerous acts of violence.   On October 29, 2015, a New York City Police Department ("NYPD") officer informed me that he had received a call from an individual the officer knows to be an associate of Eight Trey Crips members (the "confidential source").[2]   The confidential source stated that RAMSEY had called him and expressed his concern that law enforcement was looking for him.   The confidential source told the NYPD officer that RAMSEY had called the confidential source using the SUBJECT TELEPHONE.

---

end of any call or text message transmission.   In requesting cell site information, the government does not concede that such cell site records — routinely retained by wireless carriers as business records — may only be obtained via a warrant issued on probable cause. *See In re Application*, 632 F. Supp. 2d 202 (E.D.N.Y. 2008) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. 2703(d) & 3121 *et seq.); In re Application*, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (same).

[2] Information provided by the confidential source about other matters has been corroborated in large part by law enforcement reports, prison records and information provided by other sources.

7. The SUBJECT TELEPHONE has an area code associated with Atlanta, Georgia. The retaliation murder for which RAMSEY has been charged was committed in Atlanta. In addition, members and associates of the Eight Trey Crips reside in or around Atlanta, and certain reports indicate RAMSEY's mother may currently reside in Atlanta. Based on the foregoing information, there is probable cause to believe that RAMSEY currently uses the SUBJECT TELEPHONE.

8. There is therefore probable cause to believe that the REQUESTED INFORMATION will lead to the apprehension of RAMSEY. I have been informed by an Assistant United States Attorney in the Eastern District of New York that search warrants issued pursuant to Fed. R. Crim. P. 41 are appropriate for the purpose of obtaining evidence to aid in the apprehension of individuals who are subject to outstanding arrest warrants. See In Re Smartphone Geolocation Data Application, 977 F.Supp.2d 129, 133-37 (E.D.N.Y. May 1, 2013) (upholding use of search warrant for prospective geolocation data issued pursuant to Fed. R. Crim. P. 41(c) and 18 U.S.C. § 2703(c)(1)(A) for purpose of aiding in the apprehension of a fugitive) (citing, inter alia, Messerschmidt v. Millender, 132 S. Ct. 1235, 1248 (2012) (Fourth Amendment requires only "'probable cause . . . to believe the evidence sought will aid in a particular apprehension or conviction.' Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 307 (1967)")). The REQUESTED INFORMATION is necessary to assist law enforcement agents in conducting surveillance and effecting the arrest warrant as to RAMSEY.

## AUTHORIZATION REQUEST

9. WHEREFORE, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), it is requested that the Court issue a warrant and Order authorizing

4

agents to obtain the REQUESTED INFORMATION for a period of 30 days. This Court has jurisdiction to issue the requested warrant and Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. *See* 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A). Specifically, the Court is "a district court of the United States (including a magistrate judge of such a court) . . . that — has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

10.    IT IS FURTHER REQUESTED that the Court direct the Service Provider to assist law enforcement by providing all information, facilities and technical assistance needed to ascertain the REQUESTED INFORMATION, and further direct the Service Provider to initiate a signal to determine the location of the SUBJECT TELEPHONE on the Service Provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement officer serving the proposed order, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of the SUBJECT TELEPHONE, for a period of 30 days. Reasonable expenses incurred pursuant to this activity will be processed for payment by the FBI.

11.    IT IS FURTHER REQUESTED that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the SUBJECT TELEPHONE outside of daytime hours.

12.    IT IS FURTHER REQUESTED, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed or any extension thereof. This delay is justified because there is reasonable cause

to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscribers or users of the SUBJECT TELEPHONE would seriously jeopardize the ongoing investigation, as such disclosure would give the target of the investigation an opportunity to destroy evidence, harm or threaten victims or other witnesses, change patterns of behavior, notify confederates, and flee from and evade prosecution. Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510), or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.

13.     IT IS FURTHER REQUESTED that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application including the application and search warrant. I believe that sealing these documents is necessary because the items and information to be seized are relevant to an ongoing investigation into the criminal organizations, and not all of the targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other criminals as they deem appropriate, e.g., by posting them publicly through online forums. Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, and notify confederates.

14.     IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. § 2705(b) and for the reasons stated above, it is further requested that the Court issue an Order

commanding the Service Provider not to notify any person (including the subscribers or

customers of the account listed in the attached warrant) of the existence of the attached warrant

until further order of the Court.

Dated: Brooklyn, New York
        October 29, 2015

_____
CHRISTOPHER CAMPBELL
Special Agent
Federal Bureau of Investigation

Sworn to before me this
___ day of October, 2015


   s/James Orenstein
_____
THE HONORABLE JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

## ATTACHMENT A

### Property To Be Searched

1.     The cellular telephone assigned call number 470-525-1290 (the "SUBJECT

TELEPHONE"), whose wireless service provider is AT&T Wireless, a company

headquartered in Texas.

2.     Information about the location of the SUBJECT TELEPHONE that is within the

possession, custody, or control of AT&T Wireless, including information about the location of

the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B
Particular Things To Be Seized

All information about the location of the SUBJECT TELEPHONE described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the SUBJECT TELEPHONE" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (*i.e.*, antenna towers covering specific geographic areas) and "sectors" (*i.e.*, faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T Wireless, AT&T Wireless is required to disclose the Location Information to the government. In addition, AT&T Wireless must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T Wireless's services, including by initiating a signal to determine the location of the SUBJECT TELEPHONE on AT&T Wireless's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T Wireless for reasonable expenses incurred in furnishing such facilities or assistance.

To the extent that the Location Information includes tangible property, wire or electronic communications (as defined in 18 U.S.C. § 2510), or stored wire or electronic information, there is reasonable necessity for the seizure. *See* 18 U.S.C. § 3103a(b)(2).

# EXHIBIT A

# CR 15 525

AL:EAG/PH
F. # 2015R00857

FILED
CLERK

2015 OCT 14  PM 4: 26

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

— — — — — — — — — — — —X

UNITED STATES OF AMERICA

    - against -

MALIEK RAMSEY,
    also known as "Squinge," and
RODNEY MUSCHETTE,
    also known as "Stitch,"

          Defendants.

— — — — — — — — — — — —X

I N D I C T M E N T

Cr. No. _____

(T. 18, U.S.C., §§ 1513(a)(1)(B),
  1513(a)(2)(A), 2 and 3551 et seq.)

KORMAN, J.

GOLD, M.J.

THE GRAND JURY CHARGES:

## RETALIATION MURDER OF NASHWAD JOHNSON

On or about December 31, 2008, within the Eastern District of New York and

elsewhere, the defendants MALIEK RAMSEY, also known as "Squinge," and RODNEY

MUSCHETTE, also known as "Stitch," together with others, did willfully, deliberately,

maliciously and with premeditation kill Nashwad Johnson, also known as "Nash," with intent

2

to retaliate against Johnson for providing to a law enforcement officer information relating to

the commission and possible commission of a Federal offense.

(Title 18, United States Code, Sections 1513(a)(1)(B), 1513(a)(2)(A), 2 and

3551 et seq.)


A TRUE BILL

*Robert Heffena*

FOREPERSON


KELLY T. CURRIE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F. #2015R00857
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*RODNEY MUSCHETTE and MALIEK RAMSEY*

Defendant.

# INDICTMENT

( T. 18, U.S.C., §§ 1513(a)(1)(B), 1513(a)(2)(A), 2 and 3551 <u>et seq.</u>)

*A true bill.*

_____ Robert Heffernan _____
*Foreperson*

*Filed in open court this* _____ *day.*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

_____

*Elizabeth Geddes, Assistant U.S. Attorney (718) 254-6430*

# EXHIBIT B

CR 15 525 

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| Maliek Ramsey, et. al. | ) | |
| | ) | **KORMAN, J.** |
| | ) | |
| | ) | **GOLD, M.J.** |
| _____ | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

   **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   MALIEK RAMSEY _____ ,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint

☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

   Retaliation murder, in violation of 18 U.S.C. 1513 (a)(1)(B)


Date:     10/14/2015 _____

   *Issuing officer's signature*

City and state:   Brooklyn, New York _____

   Honorable Roanne L. Mann
   *Printed name and title*

| Return | |
|---|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . | |
| Date: _____ | _____ *Arresting officer's signature* |
| | _____ *Printed name and title* |

AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____
_____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____    Weight: _____

Sex: _____    Race: _____

Hair: _____    Eyes: _____

Scars, tattoos, other distinguishing marks: _____
_____

History of violence, weapons, drug use: _____
_____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____
_____

FBI number: _____

Complete description of auto: _____
_____

Investigative agency and address: _____
_____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____
_____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____
_____

EAG:PTH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – –X
IN THE MATTER OF AN APPLICATION OF          **TO BE FILED UNDER SEAL**
THE UNITED STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE DISCLOSURE
OF LOCATION DATA RELATING TO A             ORDER
SPECIFIED WIRELESS TELEPHONE
– – – – – – – – – – – – – – – –X

      Application having been made for a search warrant under Federal Rule of

Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of

the cellular telephone assigned call number 470-525-1290, used by MALIEK RAMSEY (the

"SUBJECT TELEPHONE"), whose wireless telephone service provider is AT&T Wireless

(the "Service Provider"), as further described in Attachment B to the search warrant (the

"REQUESTED INFORMATION");

      The Court finds that there is probable cause to believe that the REQUESTED

INFORMATION will lead to the arrest of RAMSEY for violating 18 U.S.C. § 1513.   The

Court also finds that there is reasonable cause to believe that providing immediate notification

of the execution of the warrant may seriously jeopardize an ongoing investigation, including

by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper

with evidence, change patterns of behavior, or notify confederates.   *See* 18 U.S.C. §§

2705(b)(2), 2705(b)(3) and 2705(b)(5).   Furthermore, the execution of this warrant will not

result in the seizure of any tangible property or any wire or electronic communication (as

defined in 18 U.S.C. § 2510).   To the extent that the warrant authorizes the seizure of any

stored wire or electronic information, that seizure is expressly authorized by 18 U.S.C.

§ 2703(c)(1)(A).

IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 41

and 18 U.S.C. § 2703(c)(1)(A) that law enforcement officers, beginning at any time within ten

days of the date of this Order and for a period not to exceed 30 days, may obtain the

REQUESTED INFORMATION concerning the SUBJECT TELEPHONE, with said authority

to extend to any time of the day or night as required, including when the SUBJECT

TELEPHONE leaves the Eastern District of New York; all of said authority being expressly

limited to ascertaining the physical location of the SUBJECT TELEPHONE and expressly

excluding the contents of any communications conducted by the user(s) of the SUBJECT

TELEPHONE.

It is further ORDERED that the Service Provider assist law enforcement by

providing all information, facilities and technical assistance needed to ascertain the

REQUESTED INFORMATION, including by initiating a signal to determine the location of

the SUBJECT TELEPHONE on the Service Provider's network or with such other reference

points as may be reasonably available and at such intervals and times as directed by the law

enforcement agent serving the proposed order, and furnish the technical assistance necessary

to accomplish the acquisition unobtrusively and with a minimum of interference with such

services as the Service Provider accords the users of the SUBJECT TELEPHONE.

It is further ORDERED that the Federal Bureau of Investigation compensate the

Service Provider for reasonable expenses incurred in complying with any such request.

It is further ORDERED that the Court's Order and the accompanying Affidavit

submitted in support thereof be sealed until further Order of the Court, except that copies of the

2

Court's Order in full or redacted form may be maintained by the United States Attorney's Office, and may be served on law enforcement officers, and other government and contract personnel acting under the supervision of such law enforcement officers, and the Service Provider as necessary to effectuate the Court's Order.

It is further ORDERED that this warrant be returned to the issuing judicial officer within 14 days after the termination of the monitoring period authorized by the warrant.

It is further ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant or any extension thereof.

It is further ORDERED under 18 U.S.C. § 2705(b) that the Service Provider shall not disclose the existence of the attached warrant, or this Order of the Court, to the listed subscriber or to any other person, unless and until otherwise authorized to do so by the Court, except that the Service Provider may disclose the attached warrant to an attorney for the Service Provider for the purpose of receiving legal advice.

It is further ORDERED that this Order apply to any changed mobile telephone number subsequently assigned to the SUBJECT TELEPHONE within the period of this Order.

It is further ORDERED that the application and this Order are sealed until

otherwise ordered by the Court.

Dated: Brooklyn, New York
     October 29, 2015

                              s/James Orenstein
                              THE HONORABLE JAMES ORENSTEIN
                              UNITED STATES MAGISTRATE JUDGE
                              EASTERN DISTRICT OF NEW YORK

4